IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN MORGAN PETERSON,

                Plaintiff,

v.

CAPTAIN COLLEEN BEIER, LT. TIEG HOAG,
DEPUTY ELI SCHROEDER, JOHN DOE(S),
JANE DOE(S), AGENT JOHN ACCOLA,
FIELD SUPERVISOR JEFFREY MOESSNER,
REGIONAL CHIEF GENA JARR, CAPTAIN TONYA
NIEDIERKORN, LT. JOAN KOVAL, and SGT. TOM
HALDERSON,

                Defendants.

OPINION and ORDER

21-cv-443-jdp

---

      Pro se plaintiff Jonathan Peterson, who is incarcerated at the Trempealeau County jail, says that he was sexually assaulted while he was previously incarcerated at the Juneau County jail. Although I have not yet screened his complaint under 28 U.S.C. §§ 1915 and 1915A, Peterson moves for injunctive relief, contending that the Trempealeau County jail's law library is inadequate. Dkt. 14. He says that the law library does not contain instructions on how to litigate a case under 42 U.S.C. § 1983 and that jail officials will not let him use a litigation manual that he has purchased. He also asks me to appoint counsel to represent him both in his motion for injunctive relief and in a separate motion, Dkt. 10.

      Injunctive relief may be appropriate in a lawsuit when correctional officials prevent an incarcerated litigant from effectively litigating that lawsuit. But I am not persuaded that this is the case here. Peterson should know that this court is experienced in explaining the § 1983 litigation process to pro se litigants. Other than paying the remainder of his initial partial payment of his filing fee by his deadline to do so, there is nothing that Peterson needs to do

until I screen his complaint. If I allow Peterson to proceed on any claims after screening his complaint, Magistrate Judge Stephen Crocker will hold a conference with Peterson and the defendants to explain the next stages of litigation and tell the parties what they will need to do, and by when. The parties should be prepared to discuss at that conference whether Peterson is allowed access to the litigation manual that he purchased.

As for Peterson's request for appointment of counsel, litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one.

A party requesting the court's assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 649. Peterson satisfies the first requirement, as he has received leave to proceed in forma pauperis. And he satisfies the second requirement by submitting letters from attorneys who have declined to represent him. Dkt. 10-1. But it is too early to determine whether this case will be too complex for him to handle without counsel. This court generally defers decisions regarding recruitment of counsel at least until the deadline has passed for the defendant to file a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Because defendants have the burden to show that

Peterson didn't properly complete the exhaustion process, and because issues about exhaustion are usually simpler than a case's merits, counsel is almost always unnecessary at this stage.

Peterson says that he would benefit from recruited counsel because he is untrained in the law, the jail's law library is inadequate, and his mental disorders will prevent him from effectively arguing his case at trial. As for Peterson's lack of training in the law, he shares that lack of training with almost every pro se litigant. "The question is not whether a lawyer would present the case more effectively than [Peterson]." *Pruitt*, 503 F.3d at 655. Rather, I must ask whether Peterson can coherently present his case himself. *Id.* Peterson's filings to date show that he should be able to handle any issues related to exhaustion. As for the adequacy of the jail's law library, again, the court will explain to Peterson in plain language what he needs to do and how he must do it at each stage of litigation. As for Peterson's ability to argue at trial, that is simply not relevant at this early stage of the litigation. I will deny Peterson's request without prejudice. Peterson is free to renew his motion later in the case, but if he does so, he must explain precisely what litigation tasks he believes that he is unable to perform.

ORDER

IT IS ORDERED that plaintiff Jonathan Morgan Peterson's motion for use of law library and for appointment of counsel, Dkt. 14, and his motion for appointment of counsel, Dkt. 10, are DENIED without prejudice.

Entered August 12, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge